WILLIS AUCTION ROOMS, INC., Appellant, *v.* HARRY ARANOW and Another, a Marshal of the City of New York, Respondents.

Supreme Court, Appellate Term, First Department, May 5, 1926.

Replevin — action in replevin to recover personal property seized under levy and execution by marshal of Municipal Court of City of New York — seizure made in action pending against plaintiff's president, individually · for professional services — evidence shows corporation had title to property seized — defendant may not justify seizure under Debtor and Creditor Law, § 278, subd. 1 — judgment reversed.

In an action for replevin against defendant and a marshal of the Municipal Court of the City of New York for the return of certain personal property seized pursuant to a levy and execution in an action wherein the defendant took judgment against plaintiff's president, individually, for professional services, it was error to allow judgment for the defendants, since it appears that the articles seized, which are the subject of this action, were purchased and paid for by the plaintiff corporation after its formation and that there is nothing to show that title was in defendant's judgment debtor.

The defendants cannot justify the seizure under subdivision 1 of section 278 of the Debtor and Creditor Law for the reason that the property seized, irrespective with what money it was purchased, was not fraudulently conveyed to the corporation.   Moreover, if the defendant creditor contends that he may have the conveyance set aside or the obligation annulled to the extent necessary to satisfy his claim, he should sue in a proper court.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of The Bronx, Second District, in favor of defendants, in a replevin suit against the judgment creditor and a marshal.

*Benjamin B. Greller,* for the appellant

*Propper & Lichtig* [*Koenig, Sittenfield & Aranow,* and *Sumner L. Samuels* of counsel], for the respondents.

PER CURIAM.   The plaintiff's president, the judgment debtor, owed defendant for an operation performed on his wife in 1921. In August, 1922, the debtor and his two brothers incorporated the plaintiff with $1,000 in the treasury.   It does not appear what property was turned over at the incorporation or how much each of the promoters contributed.   Moreover, the trunks and phonographs seized, which are the subject of this action, were bought and paid for by the corporation after its formation.   The judgment against the debtor was not rendered until February 27, 1925, although the action was begun January 29, 1923.   The defendant pleaded title in the president (debtor) and not in the plaintiff, on the ground that the corporation was but a  mask by which the president avoided paying his doctor's bills.   The defendant is prepared to justify the seizure under section 278, subdivision 1, of the Debtor and Creditor Law (added by Laws of 1925, chap. 254) which says that a defendant creditor may " a.  Have the conveyance set aside  or obligation annulled to the extent necessary to satisfy his claim, or b.  Disregard the conveyance and attach or levy execution upon the property conveyed."   Clearly (b) does not apply here because the property seized, no matter with what money it was purchased, was not fraudulently conveyed to the corporation. Likewise, if the defendant relies on (a) he should sue in a proper court to have the conveyance set aside.   Nothing in the case shows that title was in the president and not, as the sales bills and checks would indicate, in the corporation.

Judgment reversed and new trial ordered, with thirty. dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.